**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

| | |
|---|---|
| **MERAB KVARATSKHELIA #A220-732-676** | **CASE NO. 3:26-CV-04582 SEC P** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **WARDEN RICHWOOD CORRECTIONAL CENTER ET AL** | **MAGISTRATE JUDGE GALE** |

## MEMORANDUM ORDER

Before the Court is "Petitioner's Emergency Motion for Temporary Restraining Order and Expedited Order to Show Cause" (Doc. 2) wherein Petitioner requests that the not be transferred out of this District while his Petition for Writ of Habeas is pending.

## BACKGROUND

Petitioner Merab Kvaratskhelia is a native and citizen of Georgia. He was detained on October 19, 2026. Petitioner entered the United States on or about December 23, 2021, and was subsequently placed in removal proceedings. Thereafter, Petitioner filed an asylum application, which is still pending; there is no formal order of removal.

## LAW AND ANALYSIS

An applicant for a temporary restraining order ("TRO") or preliminary injunction must demonstrate each of the following: (1) a substantial likelihood that his cause will succeed on the merits, (2) a substantial threat of irreparable injury if the injunction is not granted, (3) that the threatened injury outweighs the threatened harm that the injunction might do to the opposing party, and (4) that granting the injunction will not disserve the public interest. *Misquitta v. Warden Pine Prairie ICE Processing Ctr.*, 353 F.Supp.3d 518,

521 (W.D. La. 2018) (citing *Piedmont Heights Civic Club, Inc. v. Moreland*, 637 F.2d 430 (5th Cir. 1981)). The decision of whether to grant or deny a TRO lies in the district court's discretion. *Moore v. Brown*, 868 F.3d 398, 402 (5th Cir. 2017). Courts should deny such motions more often than not. *Albright v. City of New Orleans*, 46 F.Supp.2d 523, 532 (E.D. La. 1999) (explaining that temporary restraining orders are "extraordinary relief and rarely issued."); *Anderson v. Jackson*, 556 F.3d 351, 355–56 (5th Cir. 2009) ("Only under 'extraordinary circumstances' will this court reverse the denial of a preliminary injunction.").

Given the high number of habeas petitions pending in this district, Petitioner's request would create too great of an administrative burden. Petitioner does not need to be physically present in this judicial district to obtain relief. Jurisdiction attaches when a habeas petition is filed, and it is not destroyed by a subsequent transfer or custodial change. *McClure v. Hopper*, 577 F.2d 938, 939–40 (5th Cir. 1978) *cert. denied*, 439 U.S. 1077 (1979). Courts routinely adjudicate § 2241 petitions on the briefs, without the need for in-person hearings, and without a petitioner's physical presence in a nearby facility. Additionally, claims regarding prison transfers are generally not cognizable under § 2241. See *Greenhill v. Menifee*, 202 F. App'x 799, 800 (5th Cir. 2006). (claim not cognizable under § 2241 because prisoners lack a constitutionally protected interest where they are incarcerated); *Zapata v. United States*, 264 F. App'x 242, 243–44 (3d Cir. 2008) (district court lacked jurisdiction over a § 2241petition that challenged a transfer). Petitioner has no protected liberty interest in being housed in a particular facility. *Armendariz-Mata v. Lappin*, 157 F. App'x 767 (5th Cir. 2005) (citing *Yates v. Stalder*, 217 F.3d 332, 334 (5th

Cir. 2000)). Finally, the court presently has no basis to doubt the petitioner's ability to receive legal mail at the facility where he is housed. Accordingly,

**IT IS ORDERED** that the Motion (Doc. 2) is **DENIED**.

**THUS DONE AND SIGNED** in Chambers on the 2nd day of November, 2026.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**